UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MONTEZ GRAY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 3:19 C 607 |
| | ) Hon. Marvin E. Aspen |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM ORDER AND OPINION**

MARVIN E. ASPEN, District Judge:

We have received Petitioner Montez Gray's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Dkt. No. 1.) Petitioner Gray did not file a reply to the government's response brief on or before the extended deadline of October 12, 2019. (*See* Dkt. No. 6.)

**BACKGROUND**

Petitioner Gray was charged with being a felon in possession of a firearm and conspiracy to possess with intent to distribute 100 grams or more of heroine in two separate cases. (Pet. to Enter Guilty Plea (Dkt. No. 60.)) Only the charge of being a felon in possession of a firearm is at issue in Petitioner's § 2255 petition. (Pet. Mem. in Support of Pet. Mot. ("Pet. Mem.") (Dkt. No. 4) at 1.)

On October 14, 2014, Nashville Police Department officers conducted a traffic stop on a silver Nissan Altimata, in which petitioner was present, for making an improper turn. (Plea Agreement (Dkt. No. 60) ¶ 8(b).) During a search of the vehicle, an officer located a Glock 9mm pistol on the floor board behind the front passenger's seat. (*Id.*) A records check was conducted

on that firearm revealed that it was stolen. (*Id.*) Federal agents confirmed the firearm was not manufactured in Tennessee and thus was in and affecting interstate commerce. (*Id.*) Gray was taken into custody and advised of his *Miranda* rights. (*Id.* ¶ 8(c).) Gray stated he "had the firearm for approximately one month, that he paid $700 for the firearm, that he had it for protection, *and that he had been previously convicted of a felony*." (*Id.* (emphasis added)) Petitioner was charged with knowingly possessing a firearm having previously been convicted of a crime punishable by imprisonment for a term exceeding one year. (*Id.* ¶ 8(a).)

In addition to Gray signing a statement that he knew he was previously convicted of a felony, Petitioner's plea agreement also explicitly incorporated discussion of his prior conviction. The agreement explained Petitioner "is a previously convicted felon" who was "convicted of possession with intent to distribute less than .5 grams of cocaine, a Class C felony, on Juanary 20, 2010, in the Davidson County Criminal Court." (*Id.* ¶ 8(d).) Finally, the agreement clarified Petitioner "received a sentence of imprisonment of six years" on that charge. (*Id.*)

Petitioner entered a plea of guilty that included terms typical of such a plea. First, Petitioner waived his trial rights, such as the right to a speedy trial, right to a trial by jury, and right to confront witnesses against him. (*Id.* ¶¶ 6–7.) Second, Petitioner acknowledged he "hereby waives all (i) rights to appeal any issue bearing on the determination whether he is guilty of the crime(s) to which he is agreeing to plead guilty; and (ii) trial rights that might have been available if he exercised his right to go to trial." (*Id.* ¶ 24.) Petitioner also "knowingly waiv[ed] the right to appeal any sentence within or below the guideline range." (*Id.*) Finally, Petitioner "knowingly waive[d] the right to challenge the sentence imposed in any . . . collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241." (*Id.*

¶ 25.)[1] Petitioner did not file a direct appeal in this case. (Gov. Mem. in Opp. to Pet. ("Gov. Mem.") (Dkt. No. 3) at 3.) Gray filed this petition to vacate his sentence in light of the Supreme Court's decision in *Rehaif v. U.S.*, — U.S. —, 139 S. Ct. 2191 (2019). (Dkt. No. 1.)

## ANALYSIS

We construe Petitioner's *pro se* petition liberally. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) ("A document filed pro se is to be liberally construed, . . . . and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976)).); *see also Johnson v. U.S.*, No. 17 C 5753, 2019 WL 3779366, at *2 (6th Cir. Aug. 12, 2019) (quoting *Erickson* for this proposition). Nevertheless, for the foregoing reasons we deny Petitioner's request for relief in light of the Supreme Court's *Rehaif* decision.

### I. Plea Waiver

Gray's plea agreement waives his right to attack his sentence using precisely the method he attempts here. "It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable." *Slusser v. U.S.*, 895 F.3d 437, 439 (6th Cir. 2018), cert. denied, 139 S. Ct. 1291 (2019) (citing *Watson v. U.S.*, 165 F.3d 486, 489 (6th Cir. 1999)); *see also Vowell v. U.S.*, 938 F.3d 260, 266–67 (6th Cir. 2019) (reaffirming the general proposition that "subsequent changes in the law did not render an otherwise valid waiver unknowing or involuntary").[2] A "collateral attack on an illegal sentence does not undermine the knowing and voluntary waiver of any right,

---

[1] Petitioner retained the right to appeal for involuntariness, prosecutorial misconduct, or ineffective assistance of counsel, none of which he did in his petition before this court. (*Id.* ¶ 25; Pet. Mem. at 2–3.)

[2] There is some question about the application of *Slusser* to situations where the defendant's sentence exceeds the statutory maximum, but that application is not at issue in this case. *See Vowell*, 938 F.3d at 267–68.

3

even a constitutional right, by means of a plea agreement." *Slusser*, 895 F.3d at 439 (quotation omitted). "A voluntary plea agreement 'allocates risk,' and '[t]he possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.'" *Id.* at 440 (quoting *U.S. v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017)). "'By waiving the right to appeal, a defendant assumes the risk that a shift in the legal landscape may engender buyer's remorse." *Id.* (quoting *Morrison*, 852 F.3d at 490). "The subsequent developments in this area of the law do not suddenly make [a defendant's] plea involuntary or unknowing or otherwise undo its binding nature." *Id.* (quotation and formatting omitted). "[E]ven the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley v. U.S.*, 523 U.S. 614, 621, 118 S. Ct. 1604, 1610 (1998).

Gray's claim is buyer's remorse of the kind the Sixth Circuit repudiated in *Slusser*. Gray pled guilty, knowingly and voluntarily waiving his rights to attack the constitutionality of his sentence in his plea. (Plea Agreement ¶ 24–25.) In doing so, Gray assumed the risk that subsequent developments in the law would favor him, trading certainty of a shorter sentence for the slim chance of a positive development in Supreme Court precedent in his favor. Thus, Gray's waiver of his right of appeal as part of his guilty plea prevents him from attacking his guilty plea through a petition for habeas corpus, even when the law changes in his favor. Nothing in Gray's petition, the plea agreement, or the briefing here suggests Gray was in any way coerced into pleading guilty and waiving his right to attack his conviction using a habeas proceeding. Finally, even if Gray wished to make such an argument, he would have needed to do so on direct appeal, which he did not do. *See Bousley*, 523 U.S. at 621, 118 S. Ct. at 1610. As a result, Gray's habeas petition must be denied as waived.

## II. Substance of Petitioner's Claim

If petitioner does not challenge the validity of his plea on direct appeal, then he has procedurally defaulted his claim. *Bousley*, 523 U.S. at 621, 118 S. Ct. at 1610. "[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. U.S.*, 538 U.S. 500, 504, 123 S. Ct. 1690, 1693 (2003). Alternatively, the defendant may show he is "actually innocent." *Bousley*, 523 U.S. at 622, 118 S. Ct. at 1611. Although claims that are "so novel that [their] legal basis is not reasonably available to counsel may constitute cause for a procedural default," claims about the statutory language that have been repeatedly litigated do not qualify. *Id.* (quotation omitted). In *Bousley* the Supreme Court declined to except from procedural default petitioner's argument that the federal firearm possession statute's application changed after the Court interpreted "use" as different from mere possession. *Id.* The fact that a claim was unacceptable to a particular court at the particular time of a plea does not suffice to overcome a procedural default. *Id.*

Gray's claim is virtually identical to *Bousley*, in that numerous courts have opined on the "knowledge of status" argument Gray asserts here prior to *Rehaif*. *See, e.g.*, *U.S. v. Oliver*, 683 F.2d 224, 229 (7th Cir. 1982); *U.S. v. Pruner*, 606 F.2d 871, 873-874 (9th Cir. 1979); *U.S. v. Williams*, 588 F.2d 92, 92-93 (4th Cir. 1978) (per curiam); *U.S. v. Goodie*, 524 F.2d 515, 518 (5th Cir. 1975); *U.S. v. Wiley*, 478 F.2d 415, 418 (8th Cir. 1973). In fact, "knowledge of status" arguments have been a consistent feature of statutory interpretation cases since at least the 1950's. *See Morissette v. U.S.*, 342 U.S. 246, 250–51, 72 S. Ct. 240, 243–44 (1952). In other words, Gray's claim is hardly novel, either generally or in its particular application to the statute under which he was convicted. Thus, Gray's claim does not overcome procedural default based

upon cause and prejudice, because he cannot show that his knowledge of status argument is sufficiently novel.

Gray may show actual innocence to defeat his procedural default. *Bousley*, 523 U.S. at 622, 118 S. Ct. at 1611. "To establish actual innocence, petitioner must demonstrate that, 'in light of all the evidence,' it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623, 118 S. Ct. at 1611 (quoting *Schlup v. Delo*, 513 U.S. 298, 327–328, 115 S.Ct. 851, 867–868 (1995)). We turn to the application of *Rehaif* to Gray's guilty plea to determine whether any reasonable juror would not have convicted him under his view of the law.

It is unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess a firearm or ammunition. 18 U.S.C. § 922(g)(1). A separate provision of the same statute, 18 U.S.C. § 924(a)(2), adds that anyone who "knowingly violates" § 922 shall be fined or imprisoned for up to 10 years. "[T]he word 'knowingly' applies both to the defendant's conduct and to the defendant's status." *Rehaif v. U.S.*, -- U.S. --, 139 S. Ct. 2191, 2194 (2019). To convict a defendant under § 922(g) the government must "show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id.* The defendant in *Rehaif* was an expelled student on a nonimmigrant visa whose expulsion placed him out of status when he failed to enroll in another university. *Id.* Rehaif visited a firing range, which potentially made him an alien unlawfully in the United States in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5). *Id.* The Court held the government must prove Rehaif knew he was out of status when he visited the firing range in order for his conviction to stand. *Id.* at 2195.

Gray draws the correct lesson from *Rehaif* but reaches an incorrect conclusion about what the Court's decision means for his criminal case. Unlike Rehaif, Gray knew he was previously convicted of a crime that was punishable for a term exceeding one year, since he pleaded guilty to the previous crime and served more than a year sentence. In addition, Gray's plea agreement explicitly mentioned he was previously convicted of a crime that carried a sentence of six years. (Plea Agreement ⁋ 8(d).) While Rehaif was in a situation where a reasonable person could be confused about his immigration status, Gray can make no such argument about the status of his prior felony conviction. To sustain his case, Gray would need to show that he did not know he served more than a year in prison and that he was previously convicted, both of which are untenable arguments considering the contrary evidence on the record. (*See id.* ⁋⁋ 8(c)–(d).)[3] Gray himself admitted to serving nearly two years in prison in a *Mirandized* statement to the police. (*Id.* ⁋ 8(c).) Additionally, Gray actually did the time himself, and has no argument that would explain his lack of knowledge of serving two years in prison. As a result, even assuming Gray's habeas petition is properly before us, we must still dismiss the petition as procedurally defaulted because he can show neither actual innocence nor cause and prejudice.

As an exception, ineffective assistance of counsel claims may be brought in the first instance in a timely motion in the district court under § 2255, "whether or not the petitioner could have raised the claim on direct appeal." *Massaro*, 538 U.S. at 504, 123 S. Ct. at 1694. "[A] defendant who claims ineffective assistance of counsel must prove (1) 'that counsel's

---

[3] Petitioner's argument about the legal term "felony" does not bear on this case. Whether a crime is deemed a felony or not does not change the application of § 922(g)(1), since the statute uses a term of maximum years as the baseline instead of the felony/misdemeanor distinction. As a result, Petitioner's argument about his difficulty understanding the legal contour's of the term felony does not bear on his knowledge of having been previously convicted of a crime for which he could serve more than a year in prison.

7

representation fell below an objective standard of reasonableness' . . . and (2) that any such deficiency was 'prejudicial to the defense'." *Garza v. Idaho*, — U.S. —, 139 S. Ct. 738, 744 (2019) (quoting *Strickland v. Washington*, 466 U.S. 668, 686–88, 104 S. Ct. 2052, 2064–65 (1984)).

Gray did not raise an ineffective assistance of counsel claim, so his claim does not fall within the exception to the general procedural default rule. Gray's claim instead was that a change in law rendered his plea of guilty prejudicial or created cause to vacate the plea. (Pet. Mem. at 2–3.) As a result, Gray cannot take advantage of the exception to the procedural default rule for ineffective assistance claims. Regardless, even if he could, he would not be able to establish either element of an ineffective assistance claim, for much the same reason that Gray cannot establish cause or prejudice to excuse his procedural default. As we explained above, *Rehaif* would not meaningfully change a reasonable counselor's view of the merits of Gray's defense, since it provides him no chance of refuge. Gray cannot reasonably prove he did not know he was a felon convicted of a crime punishable of more than one year in prison when he possessed a firearm, so no reasonable attorney would attempt to defend Gray on that basis. Thus, even if we broadly construed Gray's § 2255 petition to include an ineffective assistance of counsel claim, it would still fail.

## CONCLUSION

For the foregoing reasons, Petitioner's request for relief under 28 U.S.C. § 2255 is denied as procedurally defaulted and waived under the terms of his plea agreement. We decline to issue a certificate of appealability because Petitioner fails to raise a substantial question meriting further review. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: January 10, 2020
       Chicago, Illinois